## James Cheatle and George G. Newell v. Franklin Mac-Veagh, Wayne MacVeagh, Rollin A. Keyes and Walter T. Chandler.

1. FRAUD—*When One of Two Innocent Persons Must Suffer.*—When one of two innocent persons must suffer loss by reason of the fraud or deceit of another, the loss should fall upon him by whose act or omission the wrongdoer has been enabled to commit the fraud.

2. PAYMENT—*By a Dishonored Check.*—An attempted payment by a check which is dishonored is no payment at all.

3. REPLEVIN—*Of Goods Obtained under False Representations.*— Where goods are delivered to the possession of another in the expectation that the price will be immediately paid and it is not, the vendors are at liberty to treat the sale as conditional and reclaim the goods.

Replevin.—Trial in the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Finding and judgment for plaintiffs; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

JAMES HIBBEN, attorney for appellants.

TENNEY, MCCONNELL, COFFEEN & HARDING, attorneys for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellees brought suit in replevin. The case was by agreement submitted to the court and a jury waived. Appellants gave to one Parker, claiming to represent a well-known grocery house, an order for sugar at a price below the market. He subsequently notified appellants by tele-

Cheatle v. MacVeagh.

phone that the house he claimed to represent could not deliver the goods but he would get the sugar from appellees. Appellants were soon after called up on the telephone by appellees' "credit man" and a conversation occurred concerning which there is some difference of opinion but no material conflict. Appellants' version is that the inquiry was if they (appellants) were expecting sugar from appellees, to which the reply was affirmative. Appellees thereupon arranged to deliver the sugar. The invoice was given to Parker, at his request, and the sugar was sent C. O. D. to appellants' place of business. There it was met by Parker, who, representing himself as appellants' agent, had instructed appellees to ask for him when the sugar was delivered. He gave the driver a receipt for the goods, which was signed by him in the name of appellants; and the goods were delivered to the receiving clerk of the latter in the usual way. Appellants, at Parker's request, made out a check, payable to "cash," put their "O. K." upon the back and gave it to Parker, thus putting it in his power to obtain the money. He went out, gave appellees' driver a forged check for the amount payable to appellees, collected the money on the check placed in his hands by appellants, and absconded. Appellees, when the fraud was discovered, replevied the goods.

Appellants having informed appellees over the telephone that they were expecting sugar from them, can not now claim to be ignorant that the sugar was being sold them by appellees. They took the chances, therefore, when they paid Parker and relied on him to pay appellees for the goods. They must suffer the consequences of their own mistake.

The principle is, as stated in appellants' brief, that when one of two innocent persons must suffer by the fraud of another, the loss should fall upon him who enables such third person to commit the fraud. We regard the undisputed facts in the case as justifying the finding of the trial court. It does not appear that Parker ever obtained possession of the goods. The receipt he gave the driver was

given at appellants' store, signed in their name, and the goods were turned over by the driver to their receiving clerk. Appellants themselves, at their own place of business, treated Parker as their agent. Nothing that had been previously done would have enabled him to consummate the fraud, had they taken the ordinary precaution of asking for the invoice, which would have revealed a discrepancy in price, and put them on their guard; or had they made sure the check was delivered to appellees' driver, or even made it payable to appellees' order. They knew from Parker himself that he was not appellees' agent. They treated him as their own and trusted him wholly to pay for the goods.

The sale was for cash on delivery. An attempted payment by a check which is dishonored is no payment. The terms of the sale were not complied with by the payment of appellants' check to Parker, nor by the delivery of the forged check to appellees. The goods having been put into appellants' possession in the expectation that the price would be immediately paid, appellees were at liberty to treat the sale as conditional and reclaim the goods. Canadian Bank v. McCrea, 106 Ill. 281–298.

Finding no error in the judgment of the Circuit Court it is affirmed.